USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 :
DISSY E. CASTILLEJO, :
 :
                        Plaintiff, :
 :    16-CV-6973 (VSB)
        - against - :
 :    **MEMORANDUM & OPINION**
BJ'S WHOLESALE CLUB, INC., :
 :
                      Defendant. :
 :
------------------------------------------------------------X

Appearances:

Lisa Joan Ruiz
Newman O'Malley & Epstein LLC
New York, New York
*Counsel for Plaintiff*

Aaron Christopher Gross
Sobel Law Group, LLC
Huntington, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff Dissy Castillejo's motion to remand this action to the New York State Supreme Court for Bronx County pursuant to 28 U.S.C. § 1447. (Doc. 4.) Because there is diversity between the parties and Defendant's Notice of Removal was timely filed, Plaintiff's motion to remand is DENIED.

## I.    Background

      Plaintiff commenced this negligence action on May 11, 2016 by filing a Summons and Complaint in the Supreme Court of the State of New York, Bronx County. (Doc. 1-2.) Plaintiff served Defendant on May 23, 2016. (Doc. 5-1.) According to the Complaint, Plaintiff was

injured on Defendant's business property located at 610 Exterior Street, Bronx, New York. (Doc. 1-2 ¶¶ 9-10, 29-31.) Plaintiff was allegedly "struck by the flow of shopping carts converging," which caused her to "be propelled to the ground." (Doc. 1-2 ¶ 29.) Pursuant to N.Y. C.P.L.R. § 3017(c), the Complaint described the injuries she suffered but did not state the amount of money damages sought.[1] As stated in her Complaint, the accident caused the following injuries: "comminuted nasal fractures requiring reduction under general anesthesia, a chipped tooth, a cranial hematoma, among other severe permanent injuries," which caused Plaintiff to "incur medical expenses" and become "incapacitated." (Doc. 1-2 ¶ 31.)

The Complaint also states that Plaintiff is a resident of New York City and that Defendant is both "a domestic corporation duly licensed and incorporated under and by virtue of the laws of the State of New York," and "a foreign corporation licensed to do business in the State of New York." (Doc. 1-2 ¶¶ 1-3.)

On July 21, 2016, Defendant answered the Complaint and served Plaintiff with discovery demands, including a demand for damages. (Doc. 1-3.) On August 4, 2016, Plaintiff served Defendant's counsel, by mail, a copy of Plaintiff's Verified Bill of Particulars and Response to Notice to Produce ("Response"). (Doc. 8, at 11.) According to Defendant's counsel's records, its office received Plaintiff's Response on August 8, 2016. (Doc. 7-3.) Plaintiff's Response claimed damages in the amount of $1,500,000. (Doc. 1-1, at 3.)

On September 6, 2016, Defendant filed the Notice of Removal. (Doc. 1.) On September 9, 2016, Plaintiff filed the motion to remand, (Doc. 4), supporting memorandum of law, (Doc. 5), and affirmation of Lisa Ruiz with exhibits, (Docs. 4-1, 4-2). On October 6, 2016, Defendant

---

[1] Section 3017(c) of the New York C.P.L.R. provides: "In an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."

2

filed the affirmation of Aaron Gross, with exhibits, in opposition. (Doc. 7.) Plaintiff filed a reply affirmation on October 21, 2016 with exhibits. (Doc. 8.)

## II. Legal Standard

When removal of an action to federal court is challenged, the removing party "has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979))). Therefore, on a motion to remand "the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (quoting *Hodges v. Demch U.K.*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)). Unless that burden is met, "the case must be remanded back to state court." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must 'resolve any doubts against removability.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

## III. Discussion

Plaintiff argues that this case should be remanded to state court for two reasons: (1) this Court lacks subject matter jurisdiction because there is not diversity of citizenship between the parties; and (2) Defendants' Notice of Removal is untimely.

3

### A. *Diversity of Citizenship*

A district court must remand a removed action to state court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Federal courts have jurisdiction over civil actions in which the parties have diversity of citizenship and the amount in controversy exceeds $75,000. *Id.* § 1332(a). Diversity jurisdiction requires complete diversity, meaning no plaintiff has the same citizenship as any defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A corporation is deemed the citizen of its state of incorporation as well as of the state in which it has its principal place of business. 28 U.S.C. § 1332(c).

Plaintiff's assertion that Defendant is "domiciled in New York," (Doc. 5 ¶ 9), is without factual basis and refuted by the record.[2] According to Defendant's Notice of Removal, (Doc. 1 ¶ 1), and affirmation in opposition to the remand motion, (Doc. 7 ¶¶ 3-4), Defendant is an authorized foreign corporation with its principal place of business in Westborough, Massachusetts. Attached to defense counsel's affirmation is a printout from the website of the New York State Department of State, Department of Corporations, dated October 6, 2016, which states that Defendant is incorporated in Delaware and has its principal place of business in Westborough, Massachusetts. (Doc. 7-1.)

Because Plaintiff is a New York citizen and Defendant is a Delaware corporation with its principal place of business in Massachusetts, the Court has jurisdiction over this action on the basis of diversity of citizenship.

---

[2] Plaintiff's Complaint incorrectly alleges, upon information and belief, that Defendant is a domestic corporation duly licensed and incorporated under the laws of the state of New York with its principal place of business in New York. (Doc. 1-2 ¶ 2.) I note that Plaintiff does not argue in her reply that complete diversity does not exist. (*See* Doc. 8.)

### B. *Timeliness of Removal*

The notice of removal of a civil action from a state proceeding must generally be filed within thirty days of the initial pleading. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Where the initial pleading "is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* § 1446(c)(3)(A).

These provisions have been interpreted by the Second Circuit to mean that an initial pleading is removable when it "enables the defendant to intelligently ascertain removability from the face of such pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (internal quotation marks omitted). Defendants do not have an independent duty to look beyond the initial pleading or investigate whether a case is removable. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014). Thus, when removal is based on diversity, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam).

Here, Plaintiff's Complaint does not provide the amount in controversy. It merely alleges various physical injuries caused by a "flow of shopping carts." (Doc. 1-2 ¶ 29.) It was not until August 8, 2016, after receiving Plaintiff's Response, that Defendant learned that Plaintiff was claiming $1,500,000 in damages. (Doc. 7-3.) Therefore, the § 1446(b) removal clock did not

begin until August 8, when Defendant was able to intelligently ascertain removability. *See Moltner*, 624 F.3d at 38. Defendant had 30 days—until September 7, 2016—to remove the action. Therefore, Defendant's September 6, 2016 Notice of Removal was timely.

Plaintiff argues that her Complaint "describes Plaintiff's injuries in enough detail for defendant to have understood the severity and the potential damages claim." (Doc. 5 ¶ 8.) Even assuming Defendant could "intelligently ascertain" damages in excess of $75,000 from the description of a shopping cart collision, the argument fails. The Second Circuit has rejected the view that the removal clock begins from the date of service of a complaint that does not specify the amount of monetary damages but from which a defendant could "reasonably discern from the complaint that the damages sought will meet the amount-in-controversy requirement." *Moltner*, 624 F.3d at 38 ("Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation."); *see also Cutrone*, 749 F.3d at 145 ("[W]e do not require a defendant to perform an independent investigation into a plaintiff's indeterminate allegations to determine removability . . . .").

Finally, Plaintiff contends that the removal clock should begin on August 4, 2016, the date of mailing, rather than August 8, 2016, the date of receipt. This argument fails. The text of § 1446 makes clear that the removal clock begins "after receipt by the defendant." 28 U.S.C. § 1446(b)(3). Therefore, the "period is triggered when defendant actually receives the initial pleading, not when the pleading is mailed." *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of N.Y.*, No. 14-CV-6989 (JPO), 2015 WL 3604249, at *3 n.1 (S.D.N.Y. June 8, 2015); *see also Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004) ("[B]eginning the time to remove an action when the defendant

receives the summons . . . is consistent with the plain language of § 1446 . . . ."); *Grello v. J.C. Penny Corp., Inc.*, No. 03 Civ. 8245(CSH), 2003 WL 22772397, at *1 (S.D.N.Y. Nov. 21, 2003) ("The critical moment under 28 U.S.C. § 1446(b) is when a defendant *receives* the initial pleadings."). Because the removal clock began on August 8, 2016, when Defendant's counsel received the pleading that explicitly specified the amount of monetary damages sought, the September 6, 2016 Notice of Removal was timely.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

SO ORDERED.

Dated: May 9, 2017
      New York, New York

_____
Vernon S. Broderick
United States District Judge